# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE:

APPLICATION OF PATOKH CHODIEV AND INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782

Applicants.

Case No. 1:18-mc-00013-EGS

## PATOKH CHODIEV AND INTERNATIONAL MINERAL RESOURCES B.V.'S MOTION FOR LEAVE TO SERVE JOSEPH SZLAVIK BY MEANS ALTERNATIVE TO PERSONAL SERVICE AND REQUEST TO KEEP THIS ACTION OPEN UNTIL COMPLETION OF DISCOVERY

Based on the concurrently filed Memorandum of Law and the Declarations of David Felter and Christopher Lahneman, Applicants Patokh Chodiev and Interational Mineral Resources B.V. hereby move this Court for leave to serve Joseph Szlavik with the subpoena previously approved by this Court by means alternative to personal service. Applicants further respectfully request that the Court keep this action open until they are able to complete discovery from both Mr. Szlavik and Rinat Akhmetshin.

Dated: Washington, D.C.
April 12, 2018

Respectfully submitted,

/s/ *John Scanlon*
John ("Fritz") Scanlon (Bar ID 983169)
KOBRE & KIM LLP
1919 M Street NW
Washington, D.C. 20036
Tel: +1 202 664 1900
Fax: +1 202 664 1920
fritz.scanlon@kobrekim.com

Jonathan D. Cogan (admitted *pro hac vice*)
KOBRE & KIM LLP

800 Third Avenue
New York, New York 10022
Tel: +1 212 488 1200
Fax: +1 212 488 1220
jonathan.cogan @kobrekim.com

*Attorneys for Applicants Patokh Chodiev
and International Mineral Resources B.V.*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF PATOKH CHODIEV AND INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782<br><br>Applicants. | Case No. 1:18-mc-00013 |

### MEMORANDUM OF LAW IN SUPPORT OF PATOKH CHODIEV AND INTERNATIONAL MINERAL RESOURCES B.V.'S MOTION FOR LEAVE TO SERVE JOSEPH SZLAVIK BY MEANS ALTERNATIVE TO PERSONAL SERVICE AND REQUEST TO KEEP THIS ACTION OPEN UNTIL COMPLETION OF DISCOVERY

Applicants Patokh Chodiev and Interational Mineral Resources B.V. respectfully request that the Court grant them leave to serve Joseph Szlavik with the subpoena approved by this Court by means alternative to personal service. Applicants have diligently attempted to serve Mr. Szlavik personally over 10 times, but Mr. Szlavik has evaded personal service, including by refusing to open the door to his residence. Applicants request that they be permitted to serve Mr. Szlavik by posting a copy of the subpoena at his residence and sending a confirmatory copy to the residence via registered mail.

Applicants further request that the Court keep this action open until they are able to complete discovery from both Mr. Szlavik and Rinat Akhmetshin, the latter of whom has been served with the subpoena approved by the Court but has not yet provided discovery pursuant to it. Rather, the parties are discussing a means of satisfying the subpoena without Court intervention, but those discussions may fail. Thus, Applicants respectfully request that the Court not administratively close this action, as contemplated in its Minute Order dated April 2, 2018.

### A. Applicants Seek Leave to Serve Mr. Szlavik by Means Alternative to Personal Service Because Mr. Szlavik Has Evaded their Diligent Attempts to Serve Him Personally.

Courts, including in this District, have allowed litigants to serve Rule 45 subpoenas by means alternative to personal service where, as here, the proponent of the subpoena has acted diligently but has been unable to effect service and/or where the subpoena target has evaded service. *See, e.g.*, *United States ex rel. El-Amin v. George Washington Univ.*, No. 1:95CV02000(TAF)(AK), 2000 U.S. Dist. LEXIS 15635, at *3-4 (D.D.C. Oct. 20, 2000) ("It appears to this Court that Relators have made a reasonable attempt to personally serve [the target], who may be evading service, and further that there is sufficient authority to permit service of a subpoena by other than personal service."); *OceanFirst Bank v. Hartford Fire Ins. Co.*, 794 F. Supp. 2d 752, 754 (E.D. Mich. 2011) ("The Court is persuaded by and adopts the reasoning of the courts that interpret Rule 45 to allow service of a subpoena by alternate means once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort."); *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 0-8CV-9116-PGG, 2009 WL 1313259, at *3 (S.D.N.Y. May 11, 2009) (granting a request for leave to serve by alternative means after serving party attempted personal service nine times).

In such cases, courts have allowed the diligent subpoena proponent to serve the subpoena in a manner that is reasonably calculated to achieve actual delivery such that the target will be on notice of his obligations and have an opportunity to assert objections. *See JPMorgan Chase*, 2009 WL 1313259 at *3. Mailing the subpoena by certified mail typically satisfies this burden, particularly when it is also left at the known address of the prospective witness. *See, e.g.*, *OceanFirst*, 794 F. Supp. 2d at 754 ("Mailing by first-class mail to the actual address of the intended recipient generally will suffice . . . especially when the mailing is accompanied by posting at the known address of the prospective witness."); *El-Amin*, 2000 U.S. Dist. LEXIS 15635, at *4

4

(permitting service of Rule 45 subpoena by posting it on the target's residence and sending a confirmatory copy by certified mail).

Here, Applicants have been more than diligent in their attempts to serve Mr. Szlavik personally with the subpoena approved by the Court. Applicants have hired a professional process serving company and an investigation firm to accomplish such service. (*See* Ex. 1, Decl. of David Felter ("Felter Decl.") ¶ 1; Ex. 2, Decl. of Christopher Lahneman ("Lahneman Decl.") ¶¶ 1, 4.) Those firms have attempted to serve Mr. Szlavik 12 times: 7 times at his office in Washington, DC, and 5 times at his residence in Harleysville, PA. (*See* Felter Decl. ¶¶ 4–10; Lahneman Decl. ¶¶ 5–9.)

Mr. Szlavik has, however, evaded service on several occasions. Mr. Szlavik informed a process server who had obtained Mr. Szlavik's cell phone number that he would be back at his office in Washington on February 28 or March 1, 2018, but Mr. Szlavik could not be found at his office on either day. (*See* Felter Decl. ¶¶ 6–9.) Mr. Szlavik also closed the door of his residence on an investigator who attempted to personally serve him there and refused to open the door again to accept service. (*See* Lahneman Decl. ¶ 7.) Mr. Szlavik then threatened to call the police on the investigator and attempted to film the investigator's car as the investigator drove away. The investigator responded by exiting his car and attempting to serve Mr. Szlavik again, but Mr. Szlavik reentered the residence before service could be effected. (*See id*.) Five days later, the investigator returned to Mr. Szlavik's residence accompanied by a state trooper. The investigator knocked on Mr. Szlavik's door and proceeded to leave a copy of the subpoena with a woman who identified herself as Mr. Szlavik's daughter and a co-resident of Mr. Szlavik's residence. (*See id*. ¶ 9.)

5

Mr. Szlavik also refused to authorize an attorney who represents him in another matter to accept service of the subpoena on his behalf. Specifically, undersigned counsel contacted counsel for Mr. Szlavik in an unrelated forfeiture matter pending in this District (*United States v. $215,587.22 in U.S. Currency*, *et al.*, No. 17-cv-00853) to determine whether Mr. Szlavik would agree to authorize the attorney to accept service on Mr. Szlavik's behalf. After providing the attorney with a copy of the subpoena, the attorney informed the undersigned that he was not authorized to accept service. The attorney also stated that "Mr. Szlavik told me he knows nothing about this matter," thus confirming, at the very least, that Mr. Szlavik knows about the existence of this matter. (*See* Ex. 3, Feb. 20, 2018 Email from Smith to Cogan.)

Given the Applicants' diligence in attempting to serve Mr. Szlavik personally, coupled with Mr. Szlavik's evasive conduct, Applicants respectfully request leave to serve Mr. Szlavik by posting a copy of the subpoena at his residence in Pennsylvania and sending a copy of the subpoena to that residence via certified mail. Applicants will adjust the return dates of the Subpoena to afford Mr. Szlavik 21 days from service to produce documents and 21 days after that to sit for a deposition.

> **B.  Applicants Respectfully Request that the Court Keep this Action Open Until Discovery Is Completed.**

Applicants further respectfully request that the Court keep this action open until they are able to take discovery from Mr. Szlavik and Rinat Akhmetshin. Based on Mr. Szlavik's conduct to date, Applicants believe that Court intervention may be needed to enforce the subpoena directed to him once he is served. In addition, Applicants served Mr. Akhmetshin with the subpoeana approved by the Court on February 14, 2018, (*see* Ex. 4, Aff. of Serv.), but they have not yet obtained discovery pursuant to it.

Mr. Akhmetshin served responses and objections to the Subpoena on February 26, 2018, and Applicants originally agreed to adjourn Mr. Akhmetshin's deposition date based on his representation that he would be out of the country on March 26, 2018—the date specified in this Court's Order granting Applicants' Section 1782 Application.  Since that time, Applicants and Mr. Akhmetshin have been engaged in good faith discussions aimed at satisfying Applicants' discovery requests without the need for Court intervention.  Those discussions, however, have no guarantee of success.  Applicants accordingly respectfully request that the Court keep this action open until the contemplated discovery is completed, and that the Court not administratively close this action, as discussed in its Minute Order dated April 2, 2018.

## CONCLUSION

For the reasons set forth above, Applicants respectfully move the Court to issue an Order allowing them to serve Mr. Szlavik by (i) posting a copy of the subpoena at his residence located at 2116 Kratz Station Road, Harleysville, PA 19438, and (ii) sending a copy of the subpoena to that residence via certified mail.  Applicants further respectfully request that the Court keep this action open until all discovery has been completed.

Dated: Washington, D.C.  
      April 12, 2018

Respectfully submitted,

      */s/ John Scanlon*  
John ("Fritz") Scanlon (Bar ID 983169)  
KOBRE & KIM LLP  
1919 M Street NW  
Washington, D.C. 20036  
Tel:  +1 202 664 1900  
Fax: +1 202 664 1920  
fritz.scanlon@kobrekim.com

Jonathan D. Cogan (admitted *pro hac vice*)  
KOBRE & KIM LLP

800 Third Avenue
New York, New York 10022
Tel: +1 212 488 1200
Fax: +1 212 488 1220
jonathan.cogan @kobrekim.com

*Attorneys for Applicants Patokh Chodiev
and International Mineral Resources B.V.*

## INDEX OF EXHIBITS

*Exhibit 1*  Declaration of David Felter

*Exhibit 2*  Declaration of Christopher Lahneman

*Exhibit 3*  Feb. 20, 2018 Email from Smith to Cogan

*Exhibit 4*  Feb. 14, 2018 Affidavit of Service