# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:

APPLICATION OF PATOKH CHODIEV AND
INTERNATIONAL MINERAL RESOURCES B.V.
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782

Applicants.

Case No. 1:18-mc-00013

## DECLARATION OF DAVID FELTER

Pursuant to 28 U.S.C. § 1746, I, David Felter, declare under penalty of perjury as follows:

1. I am the President of Capitol Process Services, Inc., a Washington, D.C.-based firm that specializes in services of process and investigations. I have worked with representatives of Capitol Process and Kobre & Kim LLP in multiple attempts to serve Mr. Joseph Szlavik ("Mr. Szlavik") with a subpoena that was issued pursuant to Order of this Court. A true and correct copy of that subpoena is attached herein as Exhibit A (the "Subpoena").

2. I submit this Declaration in support of Mr. Chodiev and IMR's Motion for Leave to Serve Mr. Szlavik by Means Alternative to Personal Service.

3. I am familiar with the facts set forth in this Declaration from personal knowledge. Insofar as they are within my own knowledge, the facts and matters testified to are true to the best of my own knowledge and belief.

**A.  Attempts to Serve Mr. Szlavik Personally in Washington, D.C.**

4. On February 9, 2018, I sent a process server employed by Capitol Process to Mr. Szlavik's office located at 1875 Connecticut Avenue, Floor 10, Washington, D.C., in an attempt to serve Mr. Szlavik with the Subpoena. Upon arrival, the process server discovered that Mr.

Szlavik's office is located in a WeWork office space. An individual from WeWork informed our process server that Mr. Szlavik was not in Washington, D.C., and would be returning on February 14, 2018.

5. On two separate occasions on February 14, 2018, I sent a process server employed by Capitol Process to Mr. Szlavik's office located at 1875 Connecticut Avenue, Floor 10, Washington, D.C., in attempts to serve Mr. Szlavik with the Subpoena. The process server was unable to locate Mr. Szlavik on either occasion.

6. On February 15, 2018, I again sent a process server employed by Capitol Process to Mr. Szlavik's office located at 1875 Connecticut Avenue, Floor 10, Washington, D.C., in an attempt to serve Mr. Szlavik with the Subpoena. During this service attempt, an individual from WeWork provided our process server with Mr. Szlavik's cell phone number. The process server called Mr. Szlavik, and Mr. Szlavik informed him on that call that he was out of the office but would be back in Washington, D.C. on February 28, 2018 or March 1, 2018.

7. On the morning of February 28, 2018, I sent a process server employed by Capitol Process to Mr. Szlavik's office located at 1875 Connecticut Avenue, Floor 10, Washington, D.C., in an attempt to serve Mr. Szlavik with the Subpoena. The process server was unable to locate Mr. Szlavik.

8. On the afternoon of February 28, 2018, I personally traveled to Mr. Szlavik's office located at 1875 Connecticut Avenue, Floor 10, Washington, D.C., in an attempt to serve Mr. Szlavik with the Subpoena. I was unable to locate Mr. Szlavik.

9. On March 1, 2018, I again traveled to Mr. Szlavik's office located at 1875 Connecticut Avenue, Floor 10, Washington, D.C., in an attempt to serve Mr. Szlavik with the

Subpoena. I spent 30 minutes in his office space at the WeWork location, but I was unable to locate Mr. Szlavik.

### B. Attempts to Serve Mr. Szlavik Personally in Pennsylvania

10. On February 13, 2018, a process server I contracted with on behalf of Capitol Process traveled to two residences owned by Mr. Szlavik in Pennsylvania in an attempt to serve Mr. Szlavik with the Subpoena. These residences are located at 363 Main Street, Harleysville, PA 19438, and 2116 Kratz Station Road, Harleysville, PA 19438. The process server was unable to locate Mr. Szlavik at either address and observed that both residences appeared to be vacant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, D.C., on April 10, 2018.

_David S. Felter_
David Felter

# EXHIBIT A

# KOBRE & KIM LLP

1919 M STREET, NW
WASHINGTON, DC 20036
WWW.KOBREKIM.COM

TEL +1 202 664 1900

NEW YORK
LONDON
HONG KONG
SHANGHAI
SEOUL
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

February 28, 2018

**BY HAND DELIVERY**

Joseph Szlavik

Re: *In re: Application of Patokh Chodiev and International Mineral Resources B. V. for an Order to Take Discovery Pursuant to § 1782,* No. 18-mc-13 (D.D.C.)

Dear Mr. Szlavik:

Enclosed please find a subpoena and court order in the above-captioned matter. As you can see, the court order directs you to produce documents responsive to the subpoena by no later than February 26, 2018, and to provide deposition testimony no later than March 26, 2018.

Over the past weeks, we have attempted to serve you with the enclosed documents several times, but we have been unsuccessful. Our unsuccessful attempts have included, but are not limited to, contacting your attorney David B. Smith, who informed us that you have not authorized him to accept service on your behalf. Nonetheless, due to our difficulty in serving you – and in an effort to work cooperatively – we are willing to agree to an extension of the deadline for you to produce documents from February 26, 2018 until three weeks after you have been served.

Joseph Szlavik
February 28, 2018
Page 2


      Please contact us or, if you are represented by counsel in this matter, have your attorney contact us so that we may prepare a stipulation memorializing this agreement.

      Very truly yours,

John Scanlon /JNK

John (Fritz) Scanlon
+1 202 664 1983

Jonathan Cogan
+1 212 488 1206


Enclosures

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED
FEB - 5 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia**

IN RE:

APPLICATION OF PATOKH CHODIEV AND
INTERNATIONAL MINERAL RESOURCES B.V.
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782

Applicants.

[~~PROPOSED~~] ORDER

Case No. *18-mc-13*

Applicants Patokh Chodiev and International Mineral Resources B.V. ("IMR") filed this application for an order pursuant to 28 U.S.C. § 1782 authorizing them to take discovery from Joseph Szlavik and Rinat Akhmetshin, both found in the District of Columbia, for use in foreign proceedings (the "Application"). For the reasons set forth in the Application, and for good cause shown, it is hereby:

**ORDERED** that the Application is **GRANTED**; and it is further

**ORDERED** that Patokh Chodiev and IMR are authorized to serve Joseph Szlavik and Rinat Akhmetshin with subpoenas substantially in the form as those attached to the Declaration of John Scanlon as Exhibit A and Exhibit B; and it is further

**ORDERED** that Joseph Szlavik and Rinat Akhmetshin are directed to produce the documents in their possession, custody, and control, as requested in the subpoenas, by no later than February 26, 2018, and to provide the deposition testimony requested in the subpoenas on or before March 26, 2018.

Dated: 2/2/, 2018

_____
United States District Judge

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| In re Application of Patokh Chodiev and International Mineral Resources B.V. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Joseph Szlavik

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Kobre & Kim LLP<br>1919 M Street NW, Washington, DC 20036 | Date and Time:<br>03/26/2018 9:00 am |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
    See attached Rider to Subpoena

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 2/6/2018

*CLERK OF COURT*

OR

_____                                                   /s/ John Scanlon
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Patokh Chodiev and International Mineral Resources B.V. , who issues or requests this subpoena, are:
John Scanlon, Kobre & Kim LLP, 1919 M Street NW, Washington, DC 20036

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## RIDER TO SUBPOENA

PLEASE TAKE NOTICE that pursuant to the attached Subpoena and Fed. R. Civ. P. 45, Joseph Szlavik is required to produce and permit inspections of the following documents:

### I. DEFINITIONS

1. "All" or "any" means each and every.

2. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed to be outside their scope.

3. "Communication" and "communications" includes, without limitation, any oral, written, or electronic transmittal of information or request for information made from one person or entity to another, whether made in person, by telephone, electronically, or by any other means.

4. "Concerning" means relating to, referring to, describing, evidencing or constituting.

5. "Document" or "documents" means any and all handwritten, typewritten, printed or otherwise recorded matter of whatever character, or graphic material (however produced or reproduced), tapes or other voice recordings, and all other tangible objects including but not limited to booklets, procedures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, checks, bills, invoices, photographs, agendas, receipts, minutes, memoranda, written instructions, letters, expense accounts, messages, appraisals, analyses, reports, plans, evaluations, financial calculations and representations, diary entries, time sheets, calendars, telephone logs, visitor logs, telephone message slips, correspondence, e-mails, telegrams, press releases, advertisements, notes, handwritten notes, transcripts, surveys, tabulations, working papers, drawings, schedules, tabulations and projections, studies, graphs, charts, films, videotapes,

microfiche, printouts, all other data whether recorded by electronic or any other means, including drafts of any of the foregoing and any other data in your possession, custody, or control and including all items that are in storage anywhere, of any source of authorship.

The definition of "document" also includes information stored in or retrievable from equipment or media that includes, but is not limited to, desktop PCs or workstations, PCs, workstations, minicomputers, or mainframes used as file servers, application servers, or electronic mail servers, other minicomputers and mainframes, laptop, notebook and other portable computers, whether assigned to individuals or in pools available for shared use, home computers, backup disks and tapes, archival disks and tapes, and other forms of off-line storage, whether stored on-site with the computers used to generate them or off-site in another computer facility or by a third party, electronic mail messages, even if available only on backup or archive disks or tapes. If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitations, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be produced.

6. "IMR" means International Mineral Resources B.V., any parent, subsidiary or affiliate of International Mineral Resources B.V., any and all present and former employees, officers, directors, agents, representatives, attorneys, assignees, consultants, or successors of International Mineral Resources B.V. or their families, and any other person acting or purporting to act on International Mineral Resources B.V.'s behalf.

7. "Patokh Chodiev or his Business Interests" means the individual Patokh Chodiev, and any and all present and former agents, representatives, attorneys, assigns, consultants,

employees, or successors, or any other person acting or purporting to act on Patokh Chodiev's behalf, whether directly or indirectly. "Patokh Chodiev or his Business Interests" means any companies or entities in which Patokh Chodiev is currently or was in the past an officer, director, shareholder, or partner or in which Patokh Chodiev currently owns or in the past owned any direct or indirect interest, and any and all present and former agents, representatives, attorneys, assigns, consultants, employees, or successors, or any other person acting or purporting to act on behalf of such companies or entities.

8.  The terms "You" and "Your" mean the individual Joseph Szlavik and any and all present and former agents, representatives, attorneys, assigns, consultants, employees, or successors, or any other person acting or purporting to act on Joseph Szlavik's behalf, whether directly or indirectly, and further includes any companies or entities in which Joseph Szlavik is currently or was in the past an officer, director, shareholder, or partner or in which Joseph Szlavik currently owns or in the past owned any interest.

## II.  INSTRUCTIONS

1.  The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these requests any documents or information that might otherwise be construed to be outside their scope.

2.  The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these requests any documents or information that might otherwise be construed to be outside their scope.

3.  If you are unable to respond fully to a request, respond to the fullest extent possible and specify the reasons for your inability to respond in full.

4. If you withhold any documents on grounds of a claim of attorney-client privilege, the attorney work product doctrine, or any other privilege or protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection and provide the following information:

(a) The subject matter of the document;

(b) The title, heading, or caption of the document, if any;

(c) The identifying number, letter, or combination thereof, if any, and the significance or meaning of such number, letter, or combination thereof;

(d) The date appearing on the document or, if no date appears thereon, the date or approximate date on which the document was prepared;

(e) The general nature or description of the document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages in the document;

(f) The identity of the person who signed the document and, if it was not signed, the identity of each person who prepared it;

(g) The identity of each person to whom the document was addressed and the identity of each person to whom a copy or blind copy thereof was sent; and

(h) The identity of each person who has custody of any copy or version of the document.

5. "Identify" or provide the "identity," with respect to a document, means to state:

(a) The date and nature of the document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.);

(b) The title, subject, or heading of the document;

- 4 -

    (c)    The identity of each author, addressee(s), copy addressee(s), blind copy addressee(s), and every natural person or entity to whom the document was disclosed;

    (d)    A description of the document's subject matter; and

    (e)    The Bates number or other identification number of the document, if any.

6.    These requests for production of documents require you to produce all responsive documents in your possession, custody, or control from all files that contain responsive documents, wherever located. Without limitation, these requests for production require you to produce documents subject to your control even though located in the files of other persons, such as your agents, representatives, employees, and attorneys, including in other offices located outside of Washington, D.C.

7.    These document requests are not limited as to time, except as expressly set forth below.

8.    Any electronic information should be produced in searchable format.

9.    In responding to these requests:

    (a)    If a document was, but no longer is, in your possession, custody, or control, state:

        i.    how the document was disposed of;

        ii.    the name, current address, and telephone number of the natural person or the entity who currently has possession, custody, or control of the document;

        iii.    the date of disposition; and

      iv.    the name, current address, and telephone number for each natural person or the entity who authorized said disposition or who had knowledge of said disposition.

(b) If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

## III. <u>DOCUMENTS TO BE PRODUCED</u>

This subpoena requires production of all documents from January 1, 2011, to the present that are responsive to the request below and are in Your possession, custody or control:

1. All Documents and Communications Concerning Patokh Chodiev or his Business Interests, including but not limited to IMR.