UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:

APPLICATION OF PATOKH CHODIEV AND
INTERNATIONAL MINERAL RESOURCES B.V.
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782

Applicants.

Case No. 1:18-mc-00013-EGS

**MEMORANDUM OF LAW IN SUPPORT OF PATOKH CHODIEV AND
INTERNATIONAL MINERAL RESOURCES B.V.'S MOTION
TO COMPEL, FOR SANCTIONS AND/OR FOR A FINDING OF CONTEMPT**

KOBRE & KIM LLP
1919 M Street NW
Washington, D.C. 20036
Tel:  +1 202 664 1900
Fax: +1 202 664 1920
fritz.scanlon@kobrekim.com

800 Third Avenue
New York, New York 10022
Tel:  +1 212 488 1200
Fax: +1 212 488 1220
jonathan.cogan @kobrekim.com

*Attorneys for Applicants Patokh Chodiev
and International Mineral Resources B.V.*

Applicants Patokh Chodiev and International Mineral Resources B.V. (collectively, "Movants") respectfully submit this Motion to Compel, for Sanctions and/or for a Finding of Contempt against Respondent Joseph Szlavik for failing to respond to the subpoena that this Court authorized Movants to issue pursuant to 28 U.S.C. § 1782 (the "Subpoena").

## PRELIMINARY STATEMENT

What should have been a simple discovery action in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782 has been turned into protracted and expensive litigation due to the evasive and dilatory tactics of Mr. Szlavik. After first evading service of the Subpoena authorized by order of this Court for nearly two months, Mr. Szlavik has now been served with the Subpoena but refuses to comply with its terms. Indeed, despite multiple efforts by Movants' counsel to meet and confer with Mr. Szlavik about the timing and manner of compliance with the Subpoena, Mr. Szlavik has ignored all such communications, missed the deadline for compliance, and shown no indication that he intends to comply.

Accordingly, and for the reasons set forth below, Movants now respectfully request that this Court issue an order (i) compelling Mr. Szlavik to comply with the Subpoena, (ii) imposing sanctions on him, including the fees and costs incurred in conjunction with making this Motion, and (iii) holding Mr. Szlavik in contempt.

## STATEMENT OF RELEVANT FACTS

On February 5, 2018, this Court granted Movants' application for discovery pursuant to 28 U.S.C. § 1782 directed to Joseph Szlavik and Rinat Akhmetshin (the "Application"). (*See* Dkt. No. 4). In its order, this Court stated that Mr. Szlavik was "directed to produce the documents…requested in the subpoenas[] by no later than February 26, 2018, and to provide the deposition testimony requested in the subpoenas on or before March 26, 2018. (*See id.*)

1

After the Court granted the Application, Movants promptly attempted to serve Mr. Szlavik with the Court's order and a copy of the Subpoena. Mr. Szlavik, however, evaded numerous attempts at service beginning in early February 2018 and continuing through early April 2018. (*See* Dkt. No. 5.) First, Mr. Szlavik refused to authorize an attorney who represents him in another matter to accept service. (*See id.* at 6.) Thereafter, professional process serving and investigation firms hired by Movants made 12 attempts to serve Mr. Szlavik personally—seven times at his office in Washington, DC, and five times at a residence in Harleysville, PA. Movants' professional process servers and investigators also made several attempts to contact Mr. Szlavik, including by calling him on his cellular telephone to arrange service. (*See id*. at 5.) (Movants' process server obtained Mr. Szlavik's cellular telephone number from an employee of the office where Mr. Szlavik rents office space.) During these attempts, Mr. Szlavik acted evasively, including by telling an investigator that he would be at his office on February 28 or March 1, 2018 but then not being present on either day, by closing the door of his residence on an investigator attempting service and refusing to open it to accept service, and by threatening to call the police on an investigator attempting service. (*See id.*) This evasive conduct prompted Movants to file a Motion for Alternative Service. (*See id.*)

After the Court denied Movants' Motion for Alternative Service, Movants finally were able to serve Mr. Szlavik personally on May 2, 2018. (*See* Ex. 1, Aff. of Service.) Along with the Subpoena and the Court's February 5 order, Movants served Mr. Szlavik with a cover letter asking him (or his attorney, if he had one) to contact Movants' counsel and offering to agree to extend the deadline ordered by the Court for him to produce responsive documents to three weeks after the date he was served, i.e., to May 23, 2018, given that the Court mandated deadline had passed by the time he had been served. (*See* Ex. 2, Cover Letter & Subpoena.)

To ensure that Mr. Szlavik understood that Movants wished to speak with him to coordinate his response to the Subpoena, Movants contacted the attorney representing Mr. Szlavik in another matter again the day after Mr. Szlavik had been served and requested that he ask Mr. Szlavik to call at his earliest convenience. That attorney (the same attorney Movants previously contacted) agreed to do so. (*See* Ex. 3, Correspondence.)

Unfortunately, the May 23, 2018 deadline for Mr. Szlavik to produce documents passed without Mr. Szlavik calling or otherwise contacting counsel for Movants. Movants' counsel subsequently contacted Mr. Szlavik's attorney in the other matter again in an attempt to ascertain whether Mr. Szlavik intended to respond to the Subpoena. That attorney stated that he did not know. (*See id.*).

On May 29, 2018, Movants' counsel sent a text message to Mr. Szlavik's cellular telephone number. The text message asked Mr. Szlavik to contact them at his earliest convenience and informed Mr. Szlavik that Movants reserved all rights to seek court intervention if he did not respond. (*See* Ex. 4, Text Message.) Mr. Szlavik has not responded to this text message or otherwise responded to the Subpoena in any fashion.

**ARGUMENT**

Rule 45 of the Federal Rules of Civil Procedure allows the issuer of a subpoena to move to compel compliance with that subpoena when the subpoena target fails to respond to it. *See* Fed. R. Civ. P. 45(d)(2)(B)(i); *HT S.R.L. v. Velasco*, 125 F. Supp. 3d 211, 228 (D.C.C. 2015) (compelling compliance with properly served subpoena issued pursuant to Section 1782). When considering a motion to compel compliance with a subpoena, courts "consider the prior efforts of the parties to resolve the dispute, the relevance of the information sought, and the limits imposed by Rule 26(b)(2)(C)." *Barnes v. D.C.*, 289 F.R.D. 1, 5–6 (D.C. Cir. 2012). Courts routinely grant

3

motions to compel where parties have wholly ignored document requests and failed to appear for their depositions. *See*, *e.g.*, *Artis v. Bernanke*, 315 F.R.D. 420, 421 (D.D.C. 2013).

Courts may award sanctions to the prevailing party on a motion to compel. The award of reasonable expenses, including attorneys' fees, incurred in litigating a discovery motion necessitated by the respondent's refusal to comply with a subpoena is mandatory unless the court finds that the movant failed to meet and confer, that the non-compliance with the subpoena was substantially justified, or that other equitable circumstances counselling against sanctions exist. Fed. R. Civ. P. 37(a)(5); *Covad Communs. Co. v. Revonet, Inc.*, 262 F.R.D. 1, 2–4 (D.D.C. 2009); *HT S.R.L.*, 125 F. Supp. 3d at 231 (noting that an award of attorneys' fees for a motion to compel in the context of a Section 1782 subpoena is governed by Rule 37(a)(5) and requesting an accounting of fees and costs incurred in preparing a successful motion to compel).

In addition, Rule 45(g) also specifically authorizes a court to hold a subpoena target in contempt where he "fails without adequate excuse to obey the subpoena or an order related to it."

### A. The Court Should Compel Mr. Szlavik to Comply with the Subpoena.

Mr. Szlavik was properly served with the Subpoena on May 2, 2018 pursuant to an order of this court. The order and Subpoena he was served with contemplated Mr. Szlavik's production of documents by February 26, 2018 and appearance at a deposition by March 26, 2018.

Due to his months-long evasion of service of the Subpoena, however, those dates had come and gone by the date of service. Movants, therefore, made good faith efforts to set new deadlines by sending Mr. Szlavik a letter with new deadlines and by making repeated efforts to speak with him about compliance. Mr. Szlavik, however, has ignored these efforts, the Subpoena, and the Court's order, leaving Movants with no choice but to expend additional resources on making this motion.

4

Weighing the factors set forth in *Barnes* clearly counsels in favor of granting this Motion. The Movants' document requests and deposition notice are reasonable and authorized by order of this Court, not duplicative of earlier discovery in this action, and well within the scope of Rule 26(b)(1). The Court, accordingly, should compel Mr. Szlavik to produce documents and sit for a deposition.

      **B.**    **The Court Should Sanction Mr. Szlavik and/or Hold Him in Contempt for Having Ignored the Subpoena and Necessitated this Motion.**

This Court should sanction Mr. Szlavik for his disregard of Movants' valid Subpoena approved by this Court and/or hold him in contempt. Sanctions are justified because Movants have attempted to meet and confer with Mr. Szlavik regarding the Subpoena and this dispute; Mr. Szlavik is not substantially justified in refusing to comply (indeed he has failed to articulate a basis for his non-compliance or communicate with Movants' counsel at all); and no other equitable circumstances exist for his conduct.

Movants have incurred $17,250.50 in attorneys' fees and costs in preparing this Motion. The Court should sanction Mr. Szlavik in this amount.[1] (Decl. of Sung Min Choi.)

In addition, or alternatively, this Court should hold Mr. Szlavik in contempt, as he has failed, "without adequate excuse to obey the subpoena" as well as the "order related to it." Fed. R. Civ. P. 45(g). To purge his contempt, Mr. Szlavik should be ordered to pay the above-described sanction as well as any other reasonable attorneys' fees and costs incurred by Movants in compelling Mr. Szlavik to comply with the Subpoena.

---

[1] Upon request, Movants will provide an itemized list of time entries and disbursements describing the fees and costs incurred in preparing this motion. In the event that further litigation on this motion is necessary (for example, if Mr. Szlavik files an opposition), Movants respectfully request an opportunity to seek reimbursement of any additional fees incurred.

5

## CONCLUSION

For the reasons set forth above, the Court should grant Movants' Motion.

Dated:    Washington, D.C.
          June 6, 2018

Respectfully submitted,

KOBRE & KIM LLP
1919 M Street NW
Washington, D.C. 20036
Tel:  +1 202 664 1900
Fax: +1 202 664 1920
fritz.scanlon@kobrekim.com

800 Third Avenue
New York, New York 10022
Tel:  +1 212 488 1200
Fax: +1 212 488 1220
jonathan.cogan @kobrekim.com

*Attorneys for Applicants Patokh Chodiev and International Mineral Resources B.V.*

**INDEX OF EXHIBITS**

| **Exhibit** | **Title/Description** |
|---|---|
| Exhibit 1 | Affidavit of Service |
| Exhibit 2 | Cover Letter & Subpoena |
| Exhibit 3 | Correspondence with Counsel |
| Exhibit 4 | Text Message to Joseph Szlavik |