## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF PATOKH CHODIEV AND INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:18-mc-13-EGS-RMM |

### CABLE NEWS NETWORK, INC.'S MOTION TO INTERVENE AND UNSEAL

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7(j), Cable News Network, Inc. ("CNN"), by and through its undersigned counsel, hereby moves to intervene in this matter for the limited purpose of seeking access, under the First Amendment and common law, to certain judicial records that have been filed under seal or otherwise not been made available on the public docket (the "Sealed Records"). In support of this motion, CNN relies on the accompanying Memorandum of Points and Authorities. As demonstrated in that Memorandum, CNN's limited intervention in this matter is proper, and the Court should release the Sealed Records under both the First Amendment and common law rights of access.

Dated: January 23, 2019

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Cable News Network, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE:<br><br>APPLICATION OF PATOKH CHODIEV AND INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:18-mc-13-EGS-RMM |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## CABLE NEWS NETWORK, INC.'S MOTION TO INTERVENE AND UNSEAL

Pursuant to Rule 24(b) of the Federal Rules of Civil Procedure and Local Civil Rule 7(j), Cable News Network, Inc. ("CNN") moves to intervene in this matter for the limited purpose of seeking access to certain judicial records that have been filed under seal or otherwise not been made available on the public docket.  CNN specifically seeks access to the following documents:

- A January 24, 2018 *ex parte* motion under 28 U.S.C. § 1782 for an order permitting Patokh Chodiev and International Mineral Resources B.V. (the "Applicants") to issue subpoenas for depositions of and documents from Joseph Szlavik and Rinat Akhmetshin (Dkt. 1);

- The Court's February 5, 2018 Order (Dkt. 4) granting that motion;

- Akhmetshin's May 7, 2018 Sealed Motion for Leave to File Document Under Seal (Dkt. 6) and accompanying Exhibit (Dkt. 6-1), Memorandum in Support (Dkt. 6-2), Appendix (Dkt. 6-3), Declaration (Dkt. 6-4), and Proposed Orders (Dkt. 6-5 & 6-6);

- Applicants' May 29, 2018 Sealed Motion for Leave to File Document Under Seal (Dkt. 8) and accompanying Sealed Opposition (Dkt. 8-1), Certificate of Service (Dkt. 8-2), Exhibits 1 & 2 (Dkt. 8-3 & 8-4), Declaration (Dkt. 8-5), Exhibits A-C to that Declaration (Dkt. 8-6, 8-7, & 8-8), and Proposed Order (Dkt. 8-9);

- Akhmetshin's June 15, 2018 Sealed Motion for Leave to File Document Under Seal (Dkt. 14) and accompanying Reply Brief (Dkt. 14-1) and Proposed Order (Dkt. 14-2);

- Akhmetshin's July 25, 2018 Sealed Motion (Dkt. 21) and accompanying Proposed Order (Dkt. 21-1);

- Applicants' July 25, 2018 Sealed Opposition (Dkt. 22) to that Sealed Motion; and

- Akhmetshin's July 25, 2018 Sealed Reply (Dkt. 23).

These filings (together, the "Sealed Records") are all subject to the First Amendment and common law rights of access, and neither the parties nor the Court have offered any explanation on the record as to why they are not currently available to the public.  The Court should therefore permit CNN to intervene here and grant CNN's motion for access to the Sealed Records.

## I.      CNN SHOULD BE PERMITTED TO INTERVENE IN THIS MATTER

This Court "may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  The D.C. Circuit has held that third parties, including news organizations, "may be allowed to permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order."  *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).  Indeed, the Supreme Court has held that "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" from judicial proceedings.  *Globe Newspapers Co. v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982) (internal marks and citations omitted).  The Court therefore should permit CNN to intervene in this matter for the limited purpose of seeking access to the Sealed Records.

## II.      THE COURT SHOULD GRANT CNN ACCESS TO THE SEALED RECORDS

The First Amendment and common law rights of access to judicial records are "a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch."  *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017).  The Court should release the Sealed Records under both the First Amendment and the common law.

**A.      The Court Should Release The Records Under The Constitutional Right of Access**

"The Supreme Court has sketched a two-stage process for resolving whether the First

Amendment affords the public access to a particular judicial record or proceeding." *Dhiab v.*

*Trump*, 852 F.3d 1087, 1102 (D.C. Cir. 2017) (Williams, J., concurring). "First the court must

determine whether a qualified First Amendment right of public access exists.  If so, then . . . the

record or proceeding may be closed only if closure is essential to preserve higher values and is

narrowly tailored to serve that interest." *Id.* (internal marks and citations omitted).[1]

Courts follow the "experience and logic" test to determine where the constitutional right

of access right to records or a proceeding.  *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 9 (1986).

Under this test, the right of access attaches if "the place and process have historically been open

to the press and general public" and if access "plays a significant positive role in the function of

the particular process."  *Id*. at 8.  Applying this test, the constitutional right of access right

plainly attaches to the February 5, 2018 Order.  *See EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d

1406, 1409 (D.C. Cir. 1996) ("A court's decrees, its judgments, its orders, are the quintessential

business of the public's institutions.").  Likewise, "precedent strongly favors [the] view" that the

constitutional access right applies "to non-dispositive civil motions," including the other Sealed

Records.  *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

Because this constitutional right of access applies to the Sealed Records, the Court should

release them unless secrecy "is essential to preserve higher values and is narrowly tailored to

---

[1] Though the D.C. Circuit has "never *found* a qualified First Amendment right outside the criminal context," the court has "never categorically ruled it out either," and "many other circuits have concluded that such a right exists in civil and even administrative matters."  *Dhiab*, 852 F.3d at 1104 (Williams, J., concurring); *see also In re Guantanamo Bay Detainee Litig.*, 624 F. Supp. 2d 27, 36 (D.D.C. 2009) ("[t]he consensus of the Circuits is that there has been a history of public access to civil proceedings").

serve that interest." *Dhiab*, 852 F.3d at 1102 (Williams, J., concurring).  Neither the parties nor

the Court have articulated on the public record how the withholding of the Sealed Records is

essential to preserve any higher values.  Nor are there any public findings that targeted redactions

would not sufficiently protect any such interest.  *See In re New York Times Co.*, 585 F. Supp. 2d

83, 91 (D.D.C. 2008) (because restrictions on First Amendment right of access must be narrowly

tailored, courts must ask whether "the goal of protecting [higher values] can be accomplished by

means less restrictive than prohibiting access . . . altogether").

Because the First Amendment right of access applies to the Sealed Records, and there are

no findings on the public record demonstrating that blanket withholding is essential to preserving

any higher values, the Court should grant CNN access to the Sealed Records.

**B.     The Court Should Release The Records Under The Common Law Right Of Access**

The Sealed Records should also be released pursuant to the common law right of access.

"Although [this] right is not absolute, there is a strong presumption in its favor, which courts

must weigh against any competing interests."  *Metlife*, 865 F.3d at 663.  Like the constitutional

right of access, the common law right requires courts to conduct a two-stage analysis.  First,

courts determine whether the records at issue are "judicial records" to which there is a "strong

presumption" in favor of access.  *Id.* at 665-67.  If they are judicial records, courts then apply the

six-factor test set out in *United States v. Hubbard* to determine whether the presumption of

access has been rebutted.  650 F.2d 293, 317-21 (D.C. Cir. 1980).

Under controlling case law, the Sealed Records are "judicial records" to which the public

has a presumptive right of access under the common law.  In *Metlife*, the D.C. Circuit recently

explained that documents filed with the court are judicial records, even when they are filed under

seal, so long as they "were filed before the . . . court's decision and were intended to influence

it." *Id.* at 668.  Here, the initial *ex parte* motion was filed before the Court's February 5, 2018 Order.  From the sequence on the docket it appears that the Court, influenced by that sealed *ex parte* motion, decided the motion in the February 5, 2018 Order.  That *ex parte* motion is therefore a "judicial record," and the "strong presumption" of public access applies.

The other Sealed Records – two motions, two oppositions, two replies, and all their accompanying papers – likewise appear from the docket intended to influence the Court in reaching a decision.  The Sealed Records also are therefore "judicial records," and the same "strong presumption" of public access applies.

Because the public has a presumptive right of access to the Sealed Records under the common law, the Court should release them unless the party seeking the sealing rebuts the strong presumption under *Hubbard* and *Metlife*.  Again, neither the parties nor the Court have articulated on the record how these factors could outweigh the "strong presumption" of access to the Sealed Records, or how targeted redactions would not effectively prevent any privacy harms and protect against any risk of prejudice from disclosure.  The Court should therefore grant CNN access to the Sealed Records pursuant to the common law as well.

## CONCLUSION

For the foregoing reasons, CNN respectfully requests that the Court grant its motion to intervene and order that all the Sealed Records be unsealed and placed on the public docket.

Dated:  January 23, 2019                    Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200

Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Cable News Network, Inc.*