**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: | ) |
| APPLICATION OF PATOKH CHODIEV | ) |
| AND INTERNATIONAL MINERAL | ) |
| RESOURCES B.V. FOR AN ORDER TO | ) |
| TAKE DISCOVERY PURSUANT TO 28 | ) |
| U.S.C. § 1782 | ) |
| | ) |
| | )   Case No. 1:18-mc-13-EGS-RMM |
| | ) |

## REPORT AND RECOMMENDATION

This case arises from Patokh Chodiev and International Mineral Resources B.V.'s

("IMR") (collectively "the Applicants") request to take discovery from Joseph Szlavik ("Mr.

Szlavik") and Rinat Akhmetshin ("Mr. Akhmetshin") (collectively "Respondents") for use in

litigation in Belgium.  Cable News Network ("CNN") has moved to intervene under Rule 24(b)

and to unseal several docket entries ("motion to intervene and unseal").  *See* CNN Mot. to

Intervene and Unseal, ECF No. 36 ("CNN Mot.").  CNN's motion to intervene and unseal was

referred to the undersigned for a report and recommendation.  Having considered the briefing,[1]

the underlying documents, and for the reasons set forth below, the undersigned recommends that

the Court GRANT CNN's Motion.

---

[1] The pertinent filings are: CNN Mot.; CNN's Notice of Suppl. Authority, ECF No. 38; CNN's Second Notice of Suppl. Authority, ECF No. 41; CNN's Third Notice off Suppl. Authority, ECF No. 44; Mr. Akhmetshin's Resp. to CNN's Notice of Suppl. Authority, ECF No. 45; CNN's Fourth Notice of Suppl. Authority, ECF No. 48; CNN's Fifth Notice of Suppl. Authority, ECF No. 49; Mr. Akhmetshin's Response to SCO, ECF No. 51; Mr. Szlavik's Response to SCO, ECF No. 52; Applicants' Resp. to SCO, ECF No. 54; CNN's Resp. to SCO at 9, ECF No. 55.

**BACKGROUND**

The Applicants filed an *ex parte* motion under 28 U.S.C. § 1782 ("the Application")

seeking discovery from Respondents. *See* Mot. for Order Under 28 U.S.C. § 1782, ECF No. 1.

The Applicants seek discovery for use in a foreign proceeding in which they claim Mr.

Akhmetshin hacked IMR to obtain confidential materials for use in a "smear campaign" against

them. *Id.* at 5–10.

CNN moves to intervene in this action for the limited purpose of seeking access to

several sealed docket entries. Specifically, CNN requests that the Court unseal and place on the

public docket: the Applicants' Petition for Discovery Pursuant to 28 U.S.C. § 1782; Respondent

Akhmetshin's motion to quash and the memorandum and exhibits in support thereof; the

Applicants' opposition to the motion to quash and the exhibits supporting the opposition; Mr.

Akhmetshin's reply memorandum; the motions for leave to file the motion to quash, opposition,

and reply under seal; and the proposed orders submitted with the motions to file under seal and

the motion to quash.[2] *See* CNN Mot. at 2–3. CNN alleges that Mr. Akhmetshin worked as a

Russian intelligence operative and met with representatives of the Trump Campaign in Trump

Tower to offer "dirt" on Hillary Clinton, and that the public has an interest in these allegations.

*See* CNN's Resp. to Show Cause Order ("SCO") at 9, ECF No. 55. CNN contends that, given

the public interest in Mr. Akhmetshin's alleged conduct, the First Amendment and common law

right to access judicial records warrant unsealing the pertinent docket entries. *See id.*

The Applicants sought, and obtained, an extension of the deadline to respond to CNN's

motion to intervene and unseal but did not file a response. *See* 2/05/2019 Minute Order. Neither

Mr. Szlavik nor Mr. Akhmetshin filed an opposition. Several months after CNN moved to

---

[2] The table below identifies each sealed filing at issue in CNN's Motion.

intervene and unseal, and in response to a supplemental filing by CNN, Mr. Akhmetshin stated that there were "critical details relating to this matter that are not public," but declined to take a position on CNN's other request to intervene.  Akhmetshin's Resp. to CNN's Notice of Procedural Development and Suppl. Authority at 1–2, ECF No. 45.  CNN has asked the Court to treat its motion as conceded.  *See* CNN's Resp. to SCO at 2.

On September 8, 2020, the Court ordered the parties to "show cause as to why CNN's requested documents should remain sealed," and gave CNN an opportunity to respond to the parties' submissions.  *See* 09/08/2020 Minute Order.  Mr. Akhmetshin continued to take no position on the merits of CNN's request.  *See* Akhmetshin's Resp. to SCO at 2, ECF No. 51. However, the Applicants expressed concerns they had not previously raised.  *See* Applicants' Resp. to SCO, ECF No. 54.  The Applicants do not oppose unsealing the Application and the related order, but do oppose unsealing the "briefing and exhibits relating to Respondent Rinat Akhmetshin's Motion to Quash the subpoena issued by Applicants."  *Id.* at 1–2.  They contend that a Covenant Not to Sue and Mutual Release ("the Release") and the "privacy and business interests" implicated by it justify keeping most of CNN's requested documents under seal.  *Id.*

The following table identifies the documents at issue and whether either party has objected to CNN's request to place them on the public record.

| Description | Docket Number | Applicants' Position On Unsealing |
|---|---|---|
| Application Under 28 U.S.C. §1782 For Leave to Issue Subpoenas | 1 | No Objection |
| February 5, 2018 Order Granting §1782 Motion | 4 | No Objection |
| Respondent Akhmetshin's Motion for Leave to File Document Under Seal (May 5, 2018) | 6 | Objection |
| Respondent Akhmetshin's Motion to Quash (Exhibit to Motion for Leave to File Document Under Seal) | 6-1 | Objection |
| Memorandum In Support of Motion to Quash | 6-2 | Objection |

3

| | | |
|---|---|---|
| Appendix to Motion to Quash (May 5, 2018) | 6-3 | Partial Objection to unsealing Exhibits 2 and 7 of the Appendix |
| Declaration In Support of Motion to Quash | 6-4 | Objection |
| Proposed Order Re: Motion For Leave to File Document Under Seal | 6-5 | No Objection |
| Proposed Order Re: Motion to Quash | 6-6 | No Objection |
| Applicants' Motion for Leave to File Document Under Seal (May 29, 2018) | 8 | Objection |
| Applicants' Memorandum In Opposition to Motion to Quash | 8-1 | Objection |
| Certificate of Service For Memorandum In Opposition to Motion to Quash | 8-2 | No Objection |
| Exhibit 1 to Applicants' Memorandum In Opposition to Motion to Quash | 8-3 | No Objection |
| Exhibit 2 to Applicants' Memorandum In Opposition to Motion to Quash | 8-4 | No Objection |
| Declaration In Support of Applicants' Memorandum In Opposition to Motion to Quash | 8-5 | No Objection |
| Exhibit A to Declaration In Support of Applicants' Memorandum In Opposition to Motion to Quash | 8-6 | No Objection |
| Exhibit B to Declaration In Support of Applicants' Memorandum In Opposition to Motion to Quash | 8-7 | No Objection |
| Exhibit C to Declaration In Support of Applicants' Memorandum In Opposition to Motion to Quash | 8-8 | No Objection |
| Proposed Order Re: Applicants' Memorandum In Opposition to Motion to Quash | 8-9 | No Objection |
| Respondent Akhmetshin's Motion for Leave to File Document Under Seal (June 15, 2018) | 14 | Objection |
| Respondent Akhmetshin's Reply Memorandum In Support of Motion to Quash (Exhibit to Motion for Leave to File Document Under Seal) | 14-1 | Objection |
| Proposed Order Re: Motion for Leave to File Document Under Seal | 14-2 | No Objection |
| Respondent Akhmetshin's Motion to Quash, Supporting Memorandum, Appendix, and Exhibits, and Proposed Order | 21 | Objection |
| Proposed Order RE: Motion to Quash | 21-1 | No Objection |
| Applicants' Memorandum In Opposition to Motion to Quash, Supporting Exhibits, and Proposed Order | 22 | Objection |
| Respondent Akhmetshin's Reply Memorandum In Support of Motion to Quash and Proposed Order | 23 | Objection |

**LEGAL STANDARD**

**I.  Motion to Intervene**

Federal Rule of Civil Procedure 24 governs requests to intervene in a pending action.  *See* Fed. R. Civ. P. 24.  Rule 24(b) authorizes courts to permit a person or entity to intervene, upon timely motion, when (1) a federal statute gives it a conditional right to intervene; or (2) it has a claim or defense that shares a common question of law or fact with the main action.  *See* Fed. R. Civ. P. 24(b)(1).  Permissive intervention under Rule 24(b) "is discretionary by definition." *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 125 n.36 (D.C. Cir. 1972).  When "exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

**II.  Motion to Unseal**

CNN invokes the common law right of access to judicial proceedings to support its request to unseal certain docket entries.  To evaluate such requests, the Court must first determine whether the sealed documents that the moving party seeks are "judicial records." *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 118 (D.C. Cir. 2021). Once that threshold is cleared, the Court applies a six-factor test articulated in *United States v. Hubbard*, which is discussed in more detail below.  *See* 650 F.2d 293 (D.C. Cir. 1980).

**DISCUSSION**

**I.  Whether CNN Should Be Allowed to Intervene for the Limited Purpose of Seeking to Unseal Records**

CNN seeks to intervene under Federal Rule of Civil Procedure 24(b) and Local Civil Rule 7(j) to access "certain judicial records that have been filed under seal or otherwise not been made available on the public docket."  CNN Mot. at 1.  It is well settled that the press may intervene pursuant to Rule 24(b) to seek access to court docket entries that have been sealed or

otherwise withheld from the public.  *See E.E.O.C. v. Nat'l Children's Ctr., Inc*., 146 F.3d 1042, 1045 (D.C. Cir. 1998) (citing cases from other jurisdictions); *see also In re Fort Totten Metrorail Cases*, 960 F. Supp. 2d 2, 5 n.3 (D.D.C. 2013) (granting the Washington Post's motion to intervene under Rule 24(b) for the limited purpose of unsealing documents).  Generally, permissive intervention requires the proposed intervenor to present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action.  *Nat'l Children's Ctr.*,146 F.3d at 1046 (internal citation omitted).

Courts have "adopt[ed] generous interpretations" of the requirements for permissive intervention in cases in which a party seeks access to nonpublic court filings "because of the need for an effective mechanism for third-party claims of access to information generated through judicial proceedings."  *Id.* at 1045 (internal quotations omitted).  A nonparty seeking to intervene solely to seek access to nonpublic court filings need not establish an independent ground for subject matter jurisdiction because the proposed intervenor is merely asking the Court "to exercise a power that it already has, namely the power to modify a previously entered confidentiality order."  *Id.* at 1047; *see also In re Vitamins Antitrust Litig*., No. MDL 1285, 2001 WL 34088808, at *3 (D.D.C. Mar. 19, 2001).  Courts consider several factors when evaluating the timeliness of a motion to intervene, including "the time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case."  *Aristotle Int'l, Inc. v. NGP Software, Inc.*, 714 F. Supp. 2d 1, 19 (D.D.C. 2010) (internal quotation omitted).  A motion to intervene to access sealed documents may be timely even after the underlying litigation has ended.  *See id.; Nat'l Children's Ctr.*, 146 F.3d at 1047.  Courts also

liberally construe the third element, with some courts "go[ing] so far as to hold that the issue of

the scope or need for [a] confidentiality order itself presents a common question that links the

movant's challenge with the main action." *Nat'l Children's Ctr.*, 146 F.3d at 1047 (citation

omitted); *see also Aristotle Int'l*, 714 F. Supp. 2d at 19 (noting that "the only common question is

whether certain materials are properly sealed" and finding a member of the press met the Rule

24(b) intervention standard, but denying the motion on unrelated grounds).

      CNN has demonstrated that permissive intervention is appropriate here.  CNN is not

required to establish an independent basis for jurisdiction, as the Court has authority to revisit its

decision to seal certain docket entries.  *See Nat'l Children's Ctr.*, 146 F.3d at 1047.  CNN filed

its motion slightly less than a year after the litigation began, and its intervention will not delay

resolution of the parties' underlying discovery dispute.  That satisfies the flexible timeliness

standard applied in this context.  *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 300

F.R.D. 19, 22 (D.D.C. 2013).  Although the propriety of publicly releasing previously sealed

docket entries is the only common issue of law or fact that CNN shares with the parties, that is

sufficient to meet the commonality requirements for this limited intervention.  *See In re Baycol

Prods. Litig.*, 214 F.R.D. 542, 543 (D. Minn. 2003) (granting news organization's motion to

intervene under Rule 24(b), stating that "it is not necessary to require a strong nexus of fact or

law when intervention is sought solely to modify a protective order") (internal citations omitted).

In sum, given that CNN's proposed intervention will neither prejudice nor delay the resolution of

the underlying dispute, and recognizing the important role the press plays in vindicating the

public's access rights, the undersigned recommends that the Court grant CNN leave to intervene

pursuant to Rule 24(b).  *See Nat'l Children's Ctr.*, 146 F.3d at 1047; *see also In re Leopold to

Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121, 1123 (D.C. Cir.

2020) ("The public's right of access to judicial records is a fundamental element of the rule of law.").

### II. Whether the Documents Should Be Unsealed

Evaluating CNN's invocation of a common law right to access the sealed docket entries requires a two-part inquiry. First, the Court must determine whether CNN seeks "judicial records." If judicial records are at issue, there is a "strong presumption in favor of public access" to those records. *Leopold*, 964 F.3d at 1127 (internal quotations omitted). To assess whether that presumption has been overcome, the Court must weigh the competing interests in disclosure and secrecy using the six-factor *Hubbard* test. *See id.* The factors are: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *Id.* at 1131 (citing *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

#### A. Judicial Records

"[N]ot all documents filed with courts are judicial records." *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013). "[W]hether something is a judicial record depends on 'the role it plays in the adjudicatory process.'" *Id.* (quoting *United States v. El-Sayegh,* 131 F.3d 158, 163 (D.C. Cir. 1997)). Court orders, opinions, and motions and briefs submitted "to influence a judicial decision" all qualify as judicial records. *Leopold*, 964 F.3d at 1128 (finding applications, orders, and supporting documentation submitted under § 2703(d) of the Stored Communications Act to be judicial records); *see also League of Women Voters v. Newby*, 963 F.3d 130, 136 (D.C.

Cir. 2020) ("every part of every brief filed to influence a judicial decision qualifies as a 'judicial record.'") (internal quotation omitted).

CNN moves to unseal the Application, the Order granting that Application, Mr. Akhmetshin's motion to quash, the Applicants' opposition, and Mr. Akhmetshin's reply, as well as the appendix, declarations, and exhibits submitted with those filings, and the motions for leave to file the motion to quash and related briefs under seal.  The Order granting the Application is indisputably a "judicial record" because it is a ruling from this Court.  *See Leopold*, 964 F.3d at 1128.  The remaining documents that CNN seeks were filed to either: (1) present the request for discovery under Section 1782 to the Court; (2) influence the court's resolution of the motion to quash; or (3) seek the Court's permission to file the motion and briefs under seal.  Consequently, the litigation documents and exhibits that CNN seeks to access also qualify as judicial records. *See, e.g.*, *MetLife, Inc.*, 865 F.3d at 669 (finding appellate briefs and the joint appendix to be judicial records); *League of Women Voters*, 963 F.3d at 135–36 (suggesting that briefing and accompanying exhibits are judicial records); *Leopold*, 964 F.3d at 1128 (finding applications, orders, and supporting documentation submitted under § 2703(d) of the Stored Communications Act to be judicial records); *Cable News Network, Inc. v. FBI*, 384 F. Supp. 3d 19, 42 (D.D.C. 2019) (finding declaration submitted in support of a motion for summary judgment to be a judicial record) (vacated on other grounds).

### B.   The Hubbard Factors

The six *Hubbard* factors provide the framework for evaluating whether any countervailing interests rebut the presumption of public access to the judicial records that CNN seeks.  *See Cable News Network, Inc.*, 984 F.3d at 118 (citing *Leopold*, 964 F.3d at 1131 (internal quotation marks omitted)).  "Under the *Hubbard* test, a 'seal may be maintained only if

the district court, after considering the relevant facts and circumstances of the particular case, and after weighing the interests advanced by the parties in light of the public interest and the duty of the courts, concludes that justice so requires.'" *Leopold*, 964 F.3d at 1131 (quoting *MetLife*, 865 F.3d at 665-66) (internal quotation omitted). The Applicants have objected to disclosing the motion to quash, the legal memoranda submitted in support and opposition thereof, and two of the exhibits to the Appendix supporting the motion (one of which contains the Release). The Court will analyze each category of documents separately. As discussed in more detail below, the undersigned recommends the Court find that the Applicants have not rebutted the presumption of public access to judicial records under *Hubbard*, and therefore GRANT CNN's motion to unseal.

1. The Release

As the Applicants base their objections to disclosing the contested documents on the fact that the documents reveal or discuss the terms of the Release, the Court begins by applying the *Hubbard* factors to that document. The Release was signed by the Applicants, Mr. Akhmetshin, and third parties who are not involved in this litigation. *See* Applicants' Resp. to SCO at 2. The Release contains confidentiality provisions and the Applicants contend that its disclosure would implicate sensitive privacy and business interests. *See id.* at 1.[3]

a. Need for Public Access to the Documents at Issue

The first *Hubbard* factor addresses the public's need for access to the relevant judicial record. When weighing this factor, Courts must focus on the public value of the withheld information, not the public's interest in the overarching subject matter to which that information may relate. *See Cable News Network, Inc.*, 984 F.3d at 119 (finding that the district court erred

_____

[3] These arguments specifically pertain to ECF No. 6-3 at Exhibit 2.

by analyzing the public's interest in widely-publicized documents as a whole rather than the public's interest in the specific portion at issue).

The public has little to no interest in the Release.  CNN has demonstrated that Mr. Akhmetshin's alleged activities in the U.S. and abroad have attracted significant public attention. *See* CNN's Resp. to SCO at 9 (discussing public reporting regarding Mr. Akhmetshin's alleged interactions with the Trump campaign in 2016; CNN's Notice of Suppl. Authority, ECF No. 48 (discussing Mr. Akhmetshin's interview with the U.S. House of Representatives).  But nothing in the Release sheds light on those alleged activities.  To be sure, the public may be interested in the fact that a newsworthy individual like Mr. Akhmetshin settled the claims encompassed in the Release.  *See Fort Totten*, 960 F. Supp. 2d at 7 (noting public interest in disclosure of records that would lead to an "incremental gain in public understanding" of a significant historic occurrence) (internal citation omitted).  However, given the D.C. Circuit's recent clarification that courts should evaluate the public's interest in the specific information being withheld, and not the sealed document's broader connection to other newsworthy matters, the first *Hubbard* factor weighs in favor of maintaining the seal.[4]  *See CNN*, 984 F.3d at 119.

---

[4] The Applicants suggest that the fact that the Release is a private settlement agreement is dispositive of the issue, citing another district court's conclusion that "there is little public interest in or need for public access to a private settlement and related briefing."  Applicants' Resp. to SCO at 3 (citing *Grove Fresh Distribs., Inc. v. John Labatt Ltd.*, 888 F. Supp. 1427, 1441 (N.D. Ill. 1995)).  This Court has never held that the first *Hubbard* factor categorically weighs against unsealing settlement agreements.  *See generally E.E.O.C. v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409–10 (D.C. Cir. 1996) (disagreeing with the district court's conclusion that "the public had no need for access" to a consent decree).   It is unnecessary to reach that categorical argument, given that there is no demonstrable public interest in the Release at issue here.

b. <u>Extent of Previous Public Access</u>

The second *Hubbard* factor analyzes the extent to which the documents have already been made public.  *See Hubbard*, 650 F.2d at 318.  When the public is already aware of most of the critical information under seal, this factor weighs in favor of disclosure.  *In re Application of New York Times Co.*, 585 F. Supp. 2d 83, 93 (D.D.C. 2008) (finding that when "much of the critical information is already in the public forum . . . this factor weighs in favor of unsealing the . . . materials."); *Cobell v. Norton*, 157 F. Supp. 2d 82, 90 (D.D.C. 2001) (finding that where substantial portions of the alleged private information is public, sealing is inappropriate); *cf. In re Pepco Employment Litig.*, No. 86-0603, 1992 WL 115611 at *8 (D.D.C. 1992) (granting motion to seal where "[t]he public has had virtually no access to the documents in question.") (emphasis added).

The Release is a confidential document that has not been publicly disclosed.  *See* Applicants' Resp. to SCO at 2.  However, public filings reveal that the Release exists, that it is a covenant not to sue and mutual release to which Mr. Akhmetshin and the Applicants are named parties, and that a provision of that Release is purportedly broad enough to prohibit discovery in future actions.  The Release itself contains no non-public details of the claims released and identifies neither the consideration given in exchange for that release nor any apparent confidential business information.  Thus, disclosing the Release would reveal little that is not already in the public domain.  Accordingly, this factor weighs in favor of disclosure.  *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 94 (D.D.C. 2014) (finding the second factor weighed in favor of disclosure because "the [argued nonpublic information] that plaintiffs added is obvious given the context of this suit—the public has in effect already had access to all of the information in that paragraph."); *Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C.

2009) ("The statements Defendants propose to redact do not reveal any substantive information that is not already discernable from the other, public portions of Memorandum Opinion.").

### c.   The Parties' Objections

The third *Hubbard* factor considers "the fact that someone has objected to disclosure, and the identity of that person." *Nat'l Children's Ctr.*, 98 F.3d at 1409.  Here, no party filed a timely response or objection to CNN's Motion, but the Applicants ultimately raised objections in response to the Court's Show Cause Order.  *See* Applicants' Resp. to SCO; CNN's Resp. to SCO at 9–10.   The fact that the Applicants did object weighs in favor of keeping the Release sealed. *Hubbard*, 650 F.2d at 319**.**  However, their delay in raising those objections weighs against maintaining the seal, because "[t]he strength with which a party asserts its interests is a significant indication of the importance of those rights to that party."  *Id*.  Overall, this factor slightly favors non-disclosure.

### d.   The Strength of Any Property and Privacy Interest

The fourth *Hubbard* factor analyzes the strength of the objecting party's property and privacy interests in the specific documents at issue.  *See Guttenberg*, 26 F.Supp.3d at 94 (D.D.C. 2014) (noting that focus is on particular documents instead of the effect that unsealing would have on the parties' privacy interests more generally); *Friedman v. Sebelius*, 672 F. Supp. 2d 54, 60 (D.D.C. 2009).  A party objecting to public disclosure cannot rely solely on "nebulous privacy interests," but must identify specific concerns that warrant sealing the relevant judicial record.  *United States v. ISS Marine Servs.*, 905 F. Supp. 2d 121, 141 (D.D.C. 2012).  Here, the Applicants assert that the Release should remain sealed because its disclosure would implicate "privacy and business interests."  Applicants' Resp. to SCO at 3–4.

13

The Applicants correctly note that the potential disclosure of "business information that might harm a litigant's competitive standing" or invasive personal information raises compelling privacy and property interests. *See* Applicants' Resp. to SCO at 4.   However, the Applicants fail to demonstrate that the Release contains such sensitive information.   As noted above, the Court has discerned no sensitive business or personal information in its review of the Release.

The fact that the Release includes an explicit non-disclosure clause is relevant to, but not dispositive of, the analysis of this factor. *See Grynberg v. BP P.L.C.*, 205 F. Supp. 3d 1, 3 (D.D.C. 2016) ("Although confidentiality agreements between private parties may weigh against disclosure, they do not dictate whether documents can be filed under seal.").   The nondisclosure clause suggests that the parties had tangible reasons to avoid public disclosure of the Release. *See Nat'l Children's Ctr.*, 98 F.3d at 1409 (noting that importance of confidentiality to a party to consent decree was appropriately considered under *Hubbard*).   However, the Applicants have offered nothing more than vague references to a desire for secrecy, which do not meet their burden of demonstrating that the agreement should remain sealed.

The Applicants also assert that the privacy interests of the nonparty signatories to the Release warrant sealing the Release. *See* Applicants' Resp. to SCO at 4.  However, those signatories have not appeared before the Court to object to disclosure.   Therefore, their purported interests have no weight in the Court's analysis of this factor. *See generally Friedman*, 672 F. Supp. 2d at 60 (highlighting lack of objections from third parties whose correspondence plaintiffs sought to keep sealed) (citing *In re Sealed Case*, 237 F.3d 657, 664 (D.C. Cir. 2001)). In sum, the Applicants have not raised a strong privacy or property interest in sealing the Release, and this factor weighs in favor of disclosure.

e. Risk of Prejudice

The fifth factor evaluates "whether disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal." *Friedman*, 672 F. Supp. 2d at 60. The Applicants do not describe how disclosing the Release would prejudice them. Given that the Release does not reveal sensitive business information, and its existence is publicly known, it is difficult to conceive of any prejudice. Therefore, this factor weighs in favor of disclosure. *See Guttenberg*, 26 F. Supp. 3d at 95 (concluding fifth factor favored disclosure where party objecting to disclosure had not met its burden to prove prejudice).

f. Purposes for Which the Documents Were Introduced

The sixth factor examines the purpose for which the relevant document was introduced and asks whether public disclosure would frustrate that purpose. As a general matter, "[t]he more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes." *Id* at 96 (internal quotations omitted); *see also Grynberg*, 205 F. Supp. 3d at 3 (when material is introduced for the purpose of persuading a court, this factor favors disclosure).

The Release was introduced by the Respondents to support the motion to quash the Application on the grounds that the parties' settlement agreement prohibited the Applicants from seeking the discovery. Thus, it was clearly filed to influence the Court's resolution of a pending matter, which weighs against continued sealing. *See Cable News Network, Inc.*, 984 F.3d at 120–21; *see also Grynberg*, 205 F. Supp. 3d at 3. However, the Respondents also seek to enforce the Release, as they contend that the Release prohibits the Applicants from seeking the discovery at issue in the Application. It is unreasonable to conclude that a party automatically forfeits the privacy inherent in a confidential settlement agreement by seeking a Court order

15

enforcing the terms of such an agreement.  *Cf. Hubbard*, 650 F.2d at 321 (finding it untenable to require that defendants surrender their privacy rights in documents simply by introducing them to demonstrate that law enforcement's seizure of those documents violated defendants' Fourth Amendment privacy rights).  Simply stated, Applicants should not be required to sacrifice one provision of the Release in order to enforce another one.  Publicly disclosing the Release would not advance the purposes for which it was introduced, and therefore this factor slightly favors maintaining the seal.

### g.   Overview of the Hubbard factors

In sum, the second, fourth, and fifth *Hubbard* factors weigh in favor of unsealing the Release, whereas the first, third, and sixth factors favor sealing the Release.  Although the factors appear evenly balanced, when reviewed together they indicate that the Release should be unsealed.  The first, third, and sixth factors are neither independently nor collectively strong enough to overcome the remaining factors and the "strong presumption" that favor disclosing the Release.  *See Nat'l Children's Ctr.*, 98 F.3d at 1409; *see also In re Sealed Case*, 237 F.3d at 666 (indicating that "an extraordinarily strong privacy interest" could, by itself, outweigh the remaining five *Hubbard* factors).  Although the parties may have an interest in maintaining the confidentiality of the Release, it contains no sensitive information and its disclosure would cause no prejudice.  Indeed, the Release contains little to no additional information beyond what is already publicly available.  Thus, the Release should be unsealed.

### 2.   Briefs and Exhibits Supporting Motion to Quash Briefing

The Applicants also object to CNN's request to unseal the briefs submitted regarding the Motion to Quash, Exhibit 7 to the Appendix supporting the Motion to Quash (which contains Mr. Akhmetshin's objection to the subpoena), and a declaration that Mr. Akhmetshin submitted

in support of the Motion to Quash.[5]  The Applicants base their objection on the fact that these documents discuss or quote the Release which, as discussed above, they contend should remain confidential.  *See e.g.*, Applicants' Resp. to SCO at 1.  As the undersigned has already applied the *Hubbard* factors to the Release, a more truncated analysis will suffice here.

The first *Hubbard* factor favors publicly disclosing the briefs supporting the Motion to Quash, Mr. Akhmetshin's objections to the subpoena (Exhibit 7 to the Appendix), and Mr. Akhmetshin's declaration.  As explained above, although there may be a public interest in Mr. Akhmetshin's alleged conduct, there is little to no public interest in the Release itself; thus the fact that these documents discuss the Release does not make them matters of public interest. Similarly, Mr. Akhmetshin's newsworthiness does not make the briefs, objections, or declaration inherently of interest to the public.  However, the briefs on the motion to quash present the parties' legal arguments and will "necessarily influence [the] Court's decision." *In re McCormick & Co., Inc.*, *Pepper Prods. Mktg. & Sales Practices Litig.,* 316 F Supp. 3d 455, 465-66 (D.D.C. 2018).  Further, Mr. Akhmetshin's objection to the subpoena presents arguments against being compelled to provide discovery, which also may influence the Court's resolution of the parties' discovery dispute.  Finally, Mr. Akhmetshin's declaration merits public interest because it includes a denial of many of the allegations against him.  Thus, there is a cognizable public need for access to the briefs, objections, and declaration (notwithstanding the lack of a similar need for access to the Release), and the first *Hubbard* factor favors public disclosure of these records.  *See McCormick & Co.*, 316 F. Supp. 3d at 466 (concluding first factor favors release given need for public access to court pleadings); *Hyatt v. Lee*, 251 F. Supp. 3d 181, 184

---

[5] Specifically, these objections pertain to ECF Nos.6-1,6-2, 6-3 at exhibit 7, 6-4, 8-1, 14-1, 21, 22, and 23.

(D.D.C. 2017) (recognizing heightened public interest in the parties' legal memoranda because "they allow the public to understand . . . the contours of the disputes between the parties").

Although the remaining factors are mixed, on balance the *Hubbard* analysis favors disclosing the briefs and Mr. Akhmetshin's objections and declaration. Turning to the second *Hubbard* factor, these documents were filed under seal and have not been publicly disclosed. The public filings referencing the documents indicate only that they were filed to support the parties' position on the motion to quash, and that they reference the Release. Given that the substance of these documents has not been disclosed to the same extent as the essential nature of the Release, the second factor favors maintaining the seal. The third factor weighs against public disclosure because the parties to the Release have objected to lifting the seal, and the documents discuss the Release. However, the fact that Mr. Akhmetshin took no position on unsealing reduces the degree to which this factor weighs against unsealing his objections and declaration. The fourth and fifth factors weigh in favor of public disclosure because the parties have not identified a strong privacy or property interest in keeping these documents sealed, nor any prejudice that would ensue from their disclosure. The sixth factor weighs against public disclosure, because disclosing the briefs and exhibits would not advance the purpose for which they were filed. Weighing these factors collectively yields the same result as the *Hubbard* analysis of the Release; the interest in public disclosure outweighs the grounds for maintaining the seal.

The *Hubbard* factors also weigh slightly in favor of publicly disclosing the motions for leave to file the motion to quash and associated briefs under seal.[6] Although these are motions that influenced the Court's resolution of the motions to seal, there is minimal public interest in

---

[6] These arguments specifically pertain to ECF Nos. 6, 8, and 14.

that aspect of the Court's decision, and the motions shed no light on the merits of the parties' discovery dispute. Thus, the first factor weighs in favor of maintaining the seal. The motions have consistently been under seal, and therefore the second factor also weighs against disclosure. The parties' objection to the motion to unseal makes the third factor also weigh against disclosure, insofar as the motions reference the Release. The fourth and fifth factors weigh in favor of public disclosure because the parties have not identified a strong privacy or property interest in keeping these documents sealed, nor any prejudice that would ensue from their disclosure. The sixth factor weighs against public disclosure, because disclosing the motion to seal would be contrary to the purpose for which it was filed. Although only two of the six factors favor publicly disclosing the motions for leave to file the documents under seal, the *Hubbard* analysis, as a whole, supports unsealing those documents. *See generally In re Sealed Case*, 237 F.3d at 666. The factors that favor maintaining the seal do not overcome the presumption of public access, particularly given that disclosure would neither prejudice nor significantly harm cognizable privacy or property interests. Indeed, it seems illogical to maintain the seal over these motions when the underlying filings will be unsealed.

3. The Uncontested Documents

The Applicants do not contest CNN's request to unseal the Application, the Court's February 5, 2018 Order, the proposed orders and certificates of service submitted with the motion to quash briefing, or most of the exhibits submitted in support of the motion to quash briefs.[7] None of those documents discuss the Release, and the lack of objections suggests that public disclosure would neither prejudice the Applicants or Mr. Akhmetshin, nor harm any privacy, property, or

---

[7] Specifically, the Applicants do not object to unsealing the following filings: ECF Nos. 1, 4, 6-5, 6-6, 8-2, 8-3, 8-4, 8-5, 8-6, 8-7, 8-8, 8-9, 14-2, 21-1.

commercial interests.  The undersigned therefore recommends that the Court grant this portion of CNN's motion to unseal as conceded.

>    ### C.   *First Amendment Right of Access*

The undersigned declines to reach CNN's constitutional claim for access to the documents under the First Amendment to the Constitution.  CNN's Resp. to the SCO at 5–7.  Importantly, as CNN recognizes, the D.C. Circuit has not yet held that a First Amendment right of access applies outside of the criminal context.  *See* CNN's Response to the SCO at 6 n. 1. *See also Dhiab v. Trump*, 852 F.3d 1087, 1104 (D.C. Cir. 2017) (Williams, J., concurring).  Because CNN's requested relief can be granted by applying the *Hubbard* factors to evaluate CNN's claim under the common law right of access to records, it is unnecessary to address whether the D.C. Circuit would join many of its sister circuits in recognizing such a right.

### RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT CNN's Motion to Intervene and Unseal.

### REVIEW BY THE DISTRICT COURT

The parties are hereby advised that under the provisions of Local Rule 72.3(b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections.  The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of

appeal from an order of the District Court that adopts such findings and recommendation. *See*

*Thomas v. Arn*, 474 U.S. 140 (1985).


Date: 03/23/2021                                      _____
                                                     Robin M. Meriweather
                                                     United States Magistrate Judge