UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF PATOKH CHODIEV AND INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Civ. Action No. 18-mc-13 (EGS) |

**ORDER**

Pending before the Court are: (1) Mr. Akhmetshin's Motion to Compel, ECF No. 12; (2) Mr. Akhmetshin's Motion to Quash, ECF No. 21; and (3) Mr. Akhmetshin's Objections to Magistrate Judge Meriweather's Report and Recommendations ("R. & R." or "Report") on the Motion to Quash, ECF No. 60 ("Objs. to R. & R.").

In late January 2018, Applicants filed the Application, which the Court granted, *ex parte*, authorizing Applicants to issue a subpoena to Mr. Akhmetshin directing him to produce documents and appear for a deposition. *See* Order, ECF No. 4. Mr. Akhmetshin subsequently filed a Motion to Compel, as well as a Motion to Quash the Applicants' subpoena. *See* ECF Nos. 12, 21. The Court referred both the Motion to Quash and Motion to Compel to Magistrate Judge Meriweather for an R. & R. *See* Minute Order,

1

(July 31, 2018)[1]. Magistrate Judge Meriweather subsequently recommended the denial of both motions. *See* R. & R., ECF No. 50; R. & R., ECF No. 59. Mr. Akhmetshin has filed an objection only as to Magistrate Judge Meriweather's order on his Motion to Quash. *See* Objs. to R. & R., ECF No. 60.

As the Supreme Court has recognized, "Congress intended [for] magistrate[] [judges] to play an integral and important role in the federal judicial system." *Peretz v. United States*, 501 U.S. 923, 928 (1991). Given the volume of civil cases, the role of Magistrate Judges is indispensable, and Magistrate Judges assist district judges in timely and effectively addressing pretrial matters. *See id*. "When a party objects to a Magistrate Judge's determination with respect to a non-dispositive matter--such as discovery generally or, more specifically, a motion to compel--the magistrate judge's decision is entitled to great deference[.]" *United States v. All Assets Held at Bank Julius*, 170 F. Supp. 3d 161, 162 (D.D.C. 2016) (citations and internal quotation marks omitted).

---

[1] Because the two motions are nondispositive, the referral should have been for an Order rather than an R. & R., pursuant to Local Civil Rule 72.2(a). The Court will construe the R. & R. as an Order and will review the objections pursuant to the standard set forth in Local Civil Rule 72.2(c). For ease of reference, the Court will refer to Magistrate Judge Meriweather's rulings as the "R. & R." or "Report."

Federal Rule of Civil Procedure 72(a) provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Local Civil Rule 72.2(c) correspondingly states that "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." "A court should make such a finding when the court is left with the definite and firm conviction that a mistake has been committed." *United States v. Inst. for College Access & Success*, 27 F. Supp. 3d 106, 110 (D.D.C. 2014) (citations and internal quotation marks omitted). Here, according great deference to Magistrate Judge Meriweather's determinations, this Court finds that they were neither clearly erroneous nor contrary to law.

First, Mr. Akhmetshin argues that because Magistrate Judge Meriweather's Report finds that "[o]nly New York state or federal courts may decide . . . whether Mr. Akhmetshin is entitled to relief," ECF No. 50 at 9; it violates the exclusive jurisdiction of this Court to decide the Motion to Quash. *See* Objs. to R. & R., ECF No. 60 at 4. However, the Court finds no clear error in Magistrate Judge Meriweather's R. & R. Mr. Akhmetshin misses the point that "[t]he fact that New York courts may lack the power to directly quash Applicants' subpoena

3

does not mean that they would be unable to craft any remedy." Objs. to R. & R., ECF No. 59 at 10.

Second, Mr. Akhmetshin argues that the Report's failure to assess his entitlement to relief under § 1782 constituted an error of law and an abuse of discretion. *See* Objs. to R. & R., ECF No. 60 at 6. But Mr. Akhmetshin does not establish that the Court *must* discuss his entitlement to relief where the forum selection clause is valid and chooses a different state. The case Mr. Akhmetshin himself cites establishes only that "choice of forum clause does not automatically preclude the district court from conducting a § 1782 analysis." Objs. to R. & R., ECF No. 60 at 7 (citing *Marra v. Papandreou,* 59 F. Supp. 2d 65, 74 n.9 (D.D.C. 1999), *aff'd*, 216 F.3d 1119 (D.C. Cir. 2000)). The Court finds no clear error in Magistrate Judge Meriweather's holding that because the forum selection clause is valid and enforceable, this Court need not reach the question of whether the Release previously signed by the parties forecloses the Applicants' requested discovery. *See* R. & R., ECF No. 59 at 5.

Third, Mr. Akhmetshin reiterates his argument that Applicants waived the forum selection clause by filing their Application in this Court. *See* Objs. to R. & R., ECF No. 60 at 9. However, as Magistrate Judge Meriweather points out, Applicants filed in this District "presumably because § 1782 requires that such applications be filed where the respondent

4

resides or can be found." R. & R., ECF No. 59 at 14. There is no basis to find that doing so amounts to a waiver of venue.

Fourth, Mr. Akhmetshin suggests that the R. & R. misconstrues the minute order deadline for reconsideration. Objs. to R. & R., ECF No. 60 at 9. This Court issued a Minute Order stating that "[g]iven that the discovery requested by applicants in this miscellaneous action was to be completed on or before March 26, 2018, the Clerk of the Court is directed to close the case subject to a motion for reconsideration to be filed no later than April 12, 2018." Minute Order (Apr. 2, 2018). Mr. Akhmetshin concludes that "the Report construes that deadline as a deadline for challenging the issuance of the order granting the *ex parte* application." Objs. to R. & R., ECF No. 60 at 10. He asserts that the deadline instead was "limited to the issue of this Court directing the Clerk of the Court to close the case subject to a motion for reconsideration." Objs. to R. & R., ECF No. 60 at 10 (internal quotation marks omitted). The Court sees no inconsistency between the two interpretations. On February 5, 2018, the Court granted the Application, authorized Applicants to issue a subpoena to Mr. Akhmetshin, and directed Mr. Akhmetshin to produce documents by February 26, 2018, and to provide deposition testimony by March 26, 2018. *See* Order, ECF No. 4. When that deadline was missed, the Court set an April 12, 2018 deadline to close the case subject to any

5

motion for reconsideration. *See* Minute Order (April 2, 2018). The reconsideration the Court referred to, as Mr. Akhmetshin indicates, was of its decision to close the case. However, such a motion for reconsideration could arise *only because of the failure to properly conclude discovery in time*. *See* Minute Order (Apr. 2, 2018). Any such motion therefore necessarily meant challenging the issuance of the deadlines previously issued by the Court. *See* Order, ECF No. 4. Closure of the case would have meant a violation of the Court's Order by Mr. Akhmetshin, since he was served with Applicants' subpoena on February 6, 2018, and responded by sending a list of preliminary objections to the Applicants on February 26, 2018. *See* Preliminary Objs. by Rinat Akhmetshin, Ex. 7, ECF No. 6-3. Therefore, after Mr. Akhmetshin had missed the discovery deadline, it was not incorrect for Magistrate Judge Meriweather to point out that Mr. Akhmetshin did not file a Motion for Reconsideration. Even if Magistrate Judge Meriweather's interpretation had been flawed, it does not impact the R. & R., which is guided by legal principles. Nor does Magistrate Judge Meriweather "chastise" or "scold" defendants; she states only that Mr. Akhmetshin did not move for reconsideration. *See* R. & R., ECF No. 59 at 3, 15 n. 4.

Fifth, Mr. Akhmetshin objects to the R. & R.'s finding that the forum selection clause is mandatory and applicable because Mr. Akhmetshin's defense, which uses the Release as a shield

against discovery, is within its scope. Objs. to R. & R., ECF No. 60 at 11. The Court disagrees that "[t]he Report simultaneously enforces a contractual provision of the Release (in the forum selection clause) while denying the effect of that same Release in preventing this discovery (the mutual release and covenant not to sue)." *Id.* The Report is not denying any possible effect of the Release but stating only that "so long as the forum-selection clause is enforceable, only New York state or federal courts may decide whether Applicants' discovery requests violate the Release and whether Mr. Akhmetshin is entitled to relief." R. & R., ECF No. 59 at 9. Mr. Akhmetshin also argues that "the Report embraces a process which simply makes no sense" and violates public policy by not being inexpensive and efficient. Objs. To R. & R., ECF NO. 60 at 13-14. The Court finds no error in Magistrate Judge Meriweather's conclusion that even if the identified public policies were appropriately considered, they do "not overcome the strong presumption that forum-selection clauses should be enforced." R. & R., ECF No. 59 at 12.

Sixth, Mr. Akhmetshin argues that "[t]he Report's analysis of the "for use" requirement relies on a materially incomplete record." Objs. to R. & R., ECF No. 60 at 14. Mr. Akhmetshin points to documents in the record that are not cited in the R. & R., but he fails to present any legal authority that

7

requires *each* document in the record to be cited. *See generally id.* He similarly fails to show, or even allege, that the foreign proceedings relevant for this Application are either over or will not commence. *Id.* at 15. Nor is it relevant that the one foreign proceeding Mr. Akhmetshin states has concluded allegedly recast Mr. Chodiev's claims. *See* Objs. to R. & R., ECF No. 60 at 15. Mr. Akhmetshin does not, and cannot show, how the amendment of specific claims in one case makes discovery irrelevant for impending or future proceedings. The Court concludes that it cannot find a clear error, especially given that § 1782 requires only a "de minimis" showing of the relevance of discovery to the foreign proceedings. *In re Veiga*, 746 F. Supp. 2d 8, 17-19 (D.D.C. 2010).

Seventh, Mr. Akhmetshin contends that "[t]he Report errs in concluding that there is "no basis" to find that Applicants have acted in bad faith." Objs. to R. & R., ECF No. 60 at 16. Specifically, Mr. Akhmetshin alleges that "the Report failed to consider that Applicants' *ex parte* application was subject to a heightened duty of candor." *Id.* Although it is true that the R. & R. does not reiterate the legal standard Mr. Akhmetshin properly identifies, *see* Motion to Quash, ECF No. 21 at 26; it then goes on distinguish the present case from the cases Mr. Akhmetshin himself cites that *use the heightened standard*, before discussing whether Applicants have met their duty of

8

candor. *See* R. & R., ECF No. 59 at 22. The Court agrees that the R. & R. "largely limits it's [sic] analysis of the duty of candor to distinguishing the facts in this case to [sic] in the cases cited by Mr. Akhmetshin," Objs. to R. & R., ECF No. 60 at 17; but it would be illogical to conclude that it does not consider the heightened duty. Mr. Akhmetshin also asserts that the Report failed to consider developments in "related proceedings," *see* Objs. to R. & R., ECF No. 60 at 18; but the Court notes that (1) this argument was not made in the original Motion to Quash, *see generally* ECF No. 21; and (2) even if it were, the existence of related foreign lawsuits is the very basis of § 1782 proceedings. The fact that there are multiple lawsuits and § 1782 proceedings involving *different parties*, *see* Objs. to R. & R., ECF No. 60 at 19; in no way undermines the present proceeding. The Court is bemused by the need to point out that each lawsuit involves discrete parties, actions, and facts; Mr. Akhmetshin being listed as an active perpetrator in some and a recipient of hacked data in others does not reflect bad faith. *See id.* at 19-21. The Court is also not persuaded that the Report "failed to even consider whether the breadth of the materials sought in the Application constituted an undue burden or a bad faith fishing expedition for ulterior purposes." Objs. to R. & R., ECF No. 60 at 23. The record plainly reflects otherwise. *See* R. & R., ECF No. 59 at 21.

Eighth, Mr. Akhmetshin asserts a similar argument that the Report "failed to undertake a comprehensive and proper "undue burden" analysis that considered sensitivity to costs and proportionality." Objs. to R. & R., ECF No. 60 at 23. But Mr. Akhmetshin never presented a proportionality or cost argument related to an undue discovery burden in his Motion to Quash. *See generally* ECF No. 21. Even if he had, the R. & R. explicitly considered the burdensomeness of the requested discovery, before concluding that Mr. Akhmetshin had not demonstrated that discovery was *unduly* burdensome. *See* R. & R. at 20-21. There is thus no error for the Court to consider.

Mr. Akhmetshin's final challenge to the R. & R. is that his request was for an order concerning his entitlement to attorney fees and related costs (as opposed to the R. & R.'s alleged interpretation of an award of a specific amount) and that his request was not premature. *See* Objs. to R. & R., ECF No. 60 at 25. The Court first highlights that Mr. Akhmetshin's request was for "an interim order directing Applicants to pay into Court an escrow amount adequate to cover those expenses before any further discovery or relief will be granted to them." Mot. to Quash, ECF No. 21 at 42. The Court sees no clear error in refraining from providing such relief, in the absence of any underlying documentation that would allow the Court to engage with the issue. *See* R. & R., ECF No. 59 at 23-24. As Magistrate

10

Judge Meriweather noted, Applicants have already stated that they "will comply with their reimbursement obligations under Rule 45," and have already paid Mr. Akhmetshin $42,921 for these expenses. *Id.* at 23. If and when Applicants fail to comply with their obligations, Mr. Akhmetshin is welcome to revisit the issue.

Consequently, it is hereby **ORDERED** that Mr. Akhmetshin's Objections, ECF No. 60; are **OVERRULED**, and the pending motions, Motion to Compel, ECF No. 12; and Motion to Quash, ECF No. 21; are **DENIED**.

**SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
**United States District Judge**
**February 14, 2022**